UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
AMIR ALI AZABDAFTARI,          )
                               )
     Plaintiff,                )
                               )
     v.                        )   Civil Action No. 09-2166 (RWR)
                               )
EILEEN C. MAYER,               )
                               )
     Defendant.                )
_____)
```

**MEMORANDUM OPINION**

Plaintiff Amir Ali Azabdaftari filed suit in Superior Court against Eileen C. Mayer, Chief of Criminal Investigation of the Internal Revenue Service, challenging under 18 U.S.C. § 983 the forfeiture of assets from one of his bank accounts carried out under 18 U.S.C. § 981. After removing the case to this court, Mayer filed a motion to dismiss or in the alternative for summary judgment, arguing, among other things, that the United States is the proper defendant in this matter,[1] and that Azabdaftari has

---

[1] The United States is the proper defendant when a plaintiff seeks the return of forfeited assets under 18 U.S.C. § 983. See Miller v. Oceanside Police Dep't, No. 09 CV 2265, 2009 WL 4884225, at *2 (S.D. Cal. Dec. 10, 2009) (noting that "the United States is the 'Government' referenced in section 983"). Because Azabdaftari's complaint does not assert claims against Mayer in her individual capacity, this aspect of Mayer's motion will be treated as a motion to substitute the United States as the proper party defendant and will be granted. See Zinda v. Johnson, 463 F. Supp. 2d 45, 48 (D.D.C. 2006) (granting defendant's motion to substitute the United States as the proper party defendant where "plaintiff's complaint makes clear that she is suing defendants in their official capacities" and where the relevant statutes

failed to exhaust his administrative remedies.  Because Azabdaftari has not pled that he exhausted his administrative remedies by timely filing a claim with the appropriate official, the government's motion to dismiss will be granted.[2]

BACKGROUND

Azabdaftari alleges that the government seized $28,134.26 from his bank account because he was suspected of violating 31 U.S.C. § 5324(a).  That provision prohibits structuring financial transactions to evade reporting requirements, and 31 U.S.C. § 5317(c)(2) provides that property involved in a transaction structured to evade reporting requirements, in violation of § 5324, "may be seized and forfeited to the United States" under 18 U.S.C. § 981(a)(1)(A).  Neither his original complaint nor his

---

provide that suits seeking the relief sought by the plaintiff "should be brought against the United States").  Thus, the defendant will be referred to in this opinion as "the government."

[2] Azabdaftari has moved to strike the motion to dismiss.  Because he demonstrates no basis or good cause to grant such relief, his motion to strike will be denied and will be treated instead as an opposition to the government's motion to dismiss.  In addition, twenty-three days after the government served him by mail with its motion to dismiss, Azabdaftari moved for leave to file an amended complaint, a copy of which accompanied his motion.  He was entitled to amend his complaint as a matter of course within twenty-four days of being served by mail with the government's motion.  See Fed. R. Civ. P. 15(a)(1)(B), 6(d).  Thus, his motion for leave to file an amended complaint will be granted, and the government's motion to dismiss will be treated as being directed at the amended complaint.

amended complaint alleges that he pursued any administrative remedies before filing this action.

## DISCUSSION

The government moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). "A Rule 12(b)(6) motion tests the legal sufficiency of a complaint[.]" Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff, id., and "the court must assume the truth of all well-pleaded allegations." Warren v. District of Columbia, 353 F.3d 36, 39 (D.C. Cir. 2004). A plaintiff does not need to plead detailed factual allegations. Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans Inc., 525 F.3d 8, 16 (D.C. Cir. 2008) (stating that "[i]n general, a complaint should simply identify the 'circumstances, occurrences, and events' giving rise to the claim" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007))). But, enough facts must be pled to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

If the government initiates a nonjudicial civil forfeiture proceeding under § 981, it must send written notice to parties with an interest in the property. 18 U.S.C. § 981(d); 19 U.S.C. § 1607(a). After receiving notice, a person claiming seized property may contest the forfeiture by filing "a claim with the

appropriate official after the seizure." 18 U.S.C. § 983(a)(2)(A). A claim by an interested party "may be filed not later than the deadline set forth in a personal notice letter[.]" 18 U.S.C. §§ 983(a)(2)(B). This terminates the administrative forfeiture, and the government then has ninety days to file a civil complaint for judicial forfeiture or return the property. 18 U.S.C. § 983(a)(3). Failure to exhaust the administrative remedies under this process warrants dismissing a plaintiff's complaint.[3] Malladi Drugs & Pharm., Ltd. v. Tandy, 552 F.3d 885, 889 (D.C. Cir. 2009) (holding that appellant's "legal challenge fails because [it] did not exhaust its administrative remedies

---

[3] Although the government argues that Azabdaftari's failure to exhaust his administrative remedies jurisdictionally bars his suit (Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss or in the Alternative for Summ. J. at 3-5), "'[m]otions to dismiss for failure to exhaust administrative remedies are . . . appropriately analyzed under Rule 12(b)(6)'" for failure to state a claim upon which relief may be granted. Hairston v. Tapella, 664 F. Supp. 2d 106, 110 (D.D.C. 2009) (second alteration in original) (quoting Hopkins v. Whipple, 630 F. Supp. 2d 33, 40 (D.D.C. 2009)); see also Douglas v. Donovan, 559 F.3d 549, 556 n.4 (D.C. Cir. 2009) (noting that "the exhaustion requirement, though mandatory, is not jurisdictional"). Additionally, "when Congress does not rank a statutory limitation on [the statute's] coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." Arbaugh v. Y & H Corp., 546 U.S. 500, 516 (2006). Because 18 U.S.C. § 983 does not state explicitly that its exhaustion requirements are jurisdictional, they will be treated as non-jurisdictional. But see Valderrama v. United States, 326 F. Supp. 2d 1333, 1338 (S.D. Fla. 2004) (holding that plaintiff's failure to exhaust administrative remedies by filing a claim with the seizing official under 18 U.S.C. § 983 is a jurisdictional bar to suit).

before filing suit, having neglected to use the mechanism for obtaining judicial relief provided in the forfeiture statutes").

Azabdaftari does not allege in his original complaint, his amended complaint, or his briefs that he timely filed a claim with the appropriate official after he received notice of the seizure. Azabdaftari has not stated a claim upon which relief may be granted because he has failed to plead that he exhausted his administrative remedies. See United States v. Martin, 460 F. Supp. 2d 669, 674 (D. Md. 2006) (holding that the defendant's "failure to timely file a claim [with the appropriate official] is a sufficient basis for" denying plaintiff's motion for return of forfeited property).

Azabdaftari argues that his claim is nonetheless "reviewable by the Court under the provisions of the Administrative Procedure Act[.]" (Pl.'s Mot. to Strike at 1.) The Administrative Procedure Act ("APA") waives the government's sovereign immunity and provides jurisdiction over an action by an aggrieved party "seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act[.]" 5 U.S.C. § 702. However, the APA does not "confer[] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." Id. Because 18 U.S.C. § 983 forbids the relief Azabdaftari seeks unless a plaintiff timely files a claim with

the appropriate official, Azabdaftari's claim is not reviewable under the APA.

## CONCLUSION

Azabdaftari has failed to state a claim for the return of his forfeited assets because he has not pled that he exhausted his administrative remedies by timely filing a claim with the appropriate official after he received notice of the seizure. Accordingly, the government's motion to dismiss will be granted. An appropriate Order accompanies this Memorandum Opinion.

SIGNED this 27th day of August, 2010.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge